**SAN PASQUAL BAND OF MISSION INDIANS, a federally recognized Indian tribe, Plaintiff—Appellant,**

v.

**State of CALIFORNIA; California Gambling Control Commission, an agency of the State of California; Arnold Schwarzenegger, as Governor of the State of California, Defendants—Appellees.**

No. 07–55536.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 8, 2008.*

Filed Oct. 6, 2008.

Stephen Warren Solomon, Esq., Solomon, Saltsman & Jamieson, Playa Del Rey, CA, for Plaintiff–Appellant.

---

\* The panel unanimously finds this case suitable for decision argument. *See* Fed. R.App. P. 34(a)(2).

Peter H. Kaufman, Office of the California Attorney General, San Diego, CA, for Defendants–Appellees.

Before: CANBY, BYBEE, and M. SMITH, Circuit Judges.

MEMORANDUM **

The San Pasqual Band of Mission Indians ("San Pasqual") brought this action against the State of California, the California Gambling Control Commission, and the Governor of California (collectively, "the State"). The complaint sought a declaratory judgment regarding the aggregate maximum number of slot machine licenses available to Indian tribes in California who were parties to approximately sixty essentially identical Indian Gaming Compacts between those tribes and the State. The district court dismissed San Pasqual's action for failure to join all other tribes with similar compacts, who were subject to the same licensing pool, as required parties under Federal Rule of Civil Procedure 19. San Pasqual brings this appeal to challenge that dismissal. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse.

We review for abuse of discretion a dismissal under Rule 19 for failure to join a required party. *See Dawavendewa v. Salt River Project,* 276 F.3d 1150, 1154 (9th Cir.2002). We review de novo legal conclusions underlying the court's decision. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.,* 375 F.3d 861, 879 (9th Cir.2004). De novo review may therefore extend to determinations whether a third

---

\*\* This disposition is not appropriate for publication and is not except as provided by 9th Cir. R. 36–3.

881

party's interests would be impaired within the meaning of the joinder rules, if that determination decided a question of law. *Am. Greyhound Racing, Inc. v. Hull,* 305 F.3d 1015, 1022 (9th Cir.2002).

San Pasqual's declaratory judgment claim challenging the State's calculation of the maximum number of licenses in the 1999 Compact pool presents an issue identical to one addressed in *Cachil Dehe Band of Wintun Indians v. California,* 536 F.3d 1034 (9th Cir.2008). In *Cachil Dehe Band,* we held that an Indian tribe that is party to a 1999 Compact with California may proceed to litigate the size of the total license pool without joining other compacting tribes, because those tribes have no protectable interest in the size of the license pool that qualifies them as required parties within the meaning of Rule 19(a). That ruling controls the present appeal of San Pasqual's declaratory judgment claim. Accordingly, we reverse the decision of the district court and remand this claim for further appropriate proceedings.

**REVERSED AND REMANDED.**